[Cite as *State v. Dorsey*, 2017-Ohio-138.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-16-1108

      Appellee                              Trial Court No. CR0201301955

v.

Rico Dorsey                                    **DECISION AND JUDGMENT**

      Appellant                             Decided:  January 13, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Rico Dorsey, appeals from the April 22, 2016 judgment of the

Lucas County Court of Common Pleas convicting and sentencing appellant, and

assessing against him a bond forfeiture for failure to appear at the sentencing hearing.  He

asserts the following single assignment of error:

The court abused its discretion by sentencing appellant to two consecutive maximum sentences in violation of R.C. 2929.41. Concurrent and consecutive sentences.

{¶ 2} Appellant entered a guilty plea pursuant to *North Carolina vs. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to a charge of attempt to commit felonious assault, a violation of R.C. 2923.02 and 2903.11(A)(1), a felony of the third degree, and abduction, a violation of R.C. 2905.02(A)(2) and (C), a felony of the third degree. Appellant was sentenced on April 20, 2016, to the maximum term of imprisonment for each offense, three years, to be served consecutively. On appeal, appellant challenges his sentence.

{¶ 3} Our standard of review of a felony sentence is limited to whether there is clear and convincing evidence in the record to support the sentencing court's findings under R.C. 2929.14(C)(4) that consecutive sentences should be imposed and whether the sentence is contrary to law. R.C. 2953.08(G)(2). *State v. Pultz*, 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 65.

{¶ 4} Prior to imposing consecutive sentences pursuant to R.C. 2929.14(C)(4), the trial court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the circumstances listed at R.C. 2929.14(C)(4)(a), (b), (c) existed:

2.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 5} The trial court is not required to state its reasons for these findings on the record. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27. A word-for-word recitation of the statutory language is not required, so long as the record supports the trial court's findings. *Id*. at ¶ 29.

{¶ 6} In the case before us, the trial court informed appellant at the sentencing hearing that consecutive sentences were "necessary to protect the public from future crime or to punish the Defendant and not disproportionate to the seriousness of the Defendant's conduct or the danger the Defendant poses." The court also found "the harm caused was so great or unusual that no single prison term for any of the offenses

3.

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. Further, the Defendant's criminal history requires consecutive sentences."

{¶ 7} In its judgment entry the court stated the consecutive sentences were necessary to "fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4)" and "to protect the public from future crime or to punish the offender." The court also found the imposition of consecutive sentences was "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and "the harm caused was great or unusual such that no single prison term is adequate, and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public."

{¶ 8} Appellant argues the facts in this case do not support the trial court's findings.

{¶ 9} At the plea hearing, the state asserted that it would have proven beyond reasonable doubt based on the witness's testimony, 911 calls, and the officers' testimonies that appellant committed attempted felonious assault and abduction. The state alleged that the evidence would establish that the victim and appellant lived together. At 1:30 a.m. on April 26, 2013, the victim was outside of their apartment talking on the phone when appellant grabbed her by the hair and dragged her back into the apartment. Appellant's actions caused the victim to hit her head on the cement step. Appellant also hit the victim several times inside the apartment and made her clean up the blood from her wounds. When the police arrived to check on the victim, appellant held

4.

the victim in a back room and refused to allow her to answer the door. He told her that he would shoot her if she said anything to the police. Eventually, the victim answered the door with appellant and they asserted that everything was fine. After appellant left the scene and the victim's wound began to bleed again, the victim disclosed all of the events to the officers

{¶ 10} While this case was pending, appellant left the state, allegedly to avoid threats on his life relating to the homicide of his brother. While in Wisconsin, however, appellant was convicted of strangulation and suffocation, as well as domestic abuse.

{¶ 11} At the sentencing hearing, appellant asserted he was sorry for what he had done, recognized his mistakes, and had taken action to stop using drugs. He desired to participate in a rehabilitation program and obtain his high school equivalency certificate. Appellant acknowledged he left the court's jurisdiction because he did not feel safe and because his father was on his deathbed and appellant wanted to see him during his last days.

{¶ 12} The court noted, however, that the presentence report reflected that appellant showed no remorse for his actions and denied his involvement in this offense. The court also noted appellant had had a history of assaultive offenses, including five felony convictions and eight misdemeanor convictions. Appellant had been on community control in the past and had also served time in the penitentiary.

{¶ 13} We conclude that the record supports the imposition of consecutive sentences. Appellant caused serious physical harm to a victim with whom he had a

5.

personal relationship, appellant has a history of committing assaultive offenses, and appellant denied responsibility for his actions until the day of sentencing, and had attempted to avoid prosecution. We find appellant's sole assignment of error not well-taken.

{¶ 14} Having found the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE