[Cite as *State v. Greely*, 2017-Ohio-4469.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-16-1161

      Appellee                                         Trial Court No. CR0201503170

v.

Dashawn Greely                                    **DECISION AND JUDGMENT**

      Appellant                                        Decided:  June 23, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

David Klucas, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 22, 2016 sentencing judgment of the Lucas

County Court of Common Pleas.  This appeal is limited to that portion of the sentencing

judgment in which appellant was sentenced to a term of incarceration of eight years for

his conviction on one count of aggravated burglary, in violation of R.C. 2911.11(A), and

sentenced to a term of incarceration of 10 years for his conviction of rape, in violation of R.C. 2907.02(A), both felonies of the first degree, ordered to be served consecutively.

{¶ 2} This appeal centers upon consideration of the issue of whether these two offenses should have been merged for sentencing purposes. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Dashawn Greely, sets forth the following assignment of error:

1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT COUNTS 1 AND 2 WERE DISSIMILAR OFFENSES AND IMPOSING CONSECUTIVE SENTENCES.

{¶ 4} The following undisputed facts are relevant to this appeal. Over the course of several years, spanning from 2013 through 2015, appellant committed multiple felony crimes against several Toledo area women. These crimes were committed at the residences of the respective victims. The crimes included multiple acts of rape, aggravated burglary, and associated repeat violent offender specifications. In 2016, all of the pending cases involving the victims were jointly resolved.

{¶ 5} On March 9, 2016, appellant was arraigned on the above-referenced felony offenses involving these victims. On May 2, 2016, appellant pled guilty to one count of rape, in violation of R.C. 2907.02(A), a felony of the first degree, involving the 2013 victim, a second count of rape, a violation of R.C. 2907.02(A), a felony of the first degree, and one count of aggravated burglary, in violation of R.C. 2911.11(A), a felony of the first degree, with these counts involving the 2015 victim. In exchange, additional

2.

pending rape and aggravated burglary charges and all associated repeat violent offender specifications were dismissed.

{¶ 6} On June 22, 2016, appellant was sentenced. This appeal is limited to the portion of appellant's sentence in which he was sentenced to a term of incarceration of eight years for the aggravated burglary conviction, and a consecutive term of incarceration of 10 years for the second rape conviction, both convictions stemming from the 2015 victim. It is appellant's contention that the two convictions involving the 2015 victim should have been merged for sentencing purposes.

{¶ 7} On July 18, 2015, in the middle of the night, the victim was asleep in an upstairs bedroom of her home in Toledo. Appellant and the victim were related by marriage and known to one another. Appellant and the victim had never been engaged in any sort of prior intimate relationship.

{¶ 8} Appellant broke into the victim's home through a first-floor window, and proceeded to search the home. Appellant eventually located the sleeping victim in an upstairs bedroom. Appellant covered the victim's face with a scarf to conceal his identity, awoke the victim, and proceeded to brutally rape the victim vaginally, orally, and anally.

{¶ 9} Following appellant's forcible entry into the first floor of the home, and appellant's subsequent multiple acts of rape against the victim who appellant later located in a second-floor bedroom, appellant next forced the victim into the shower and forced the victim to scrub with soap in each of the areas of the victim's body that appellant had

3.

raped in an unsuccessful attempt to conceal DNA evidence. Despite these efforts, appellant's DNA was recovered from the victim.

{¶ 10} On appeal, appellant maintains that the trial court erred in not merging for sentencing purposes the rape and aggravated burglary convictions arising from the July 18, 2015 events connected to the second victim. We do not concur.

{¶ 11} R.C. 2941.25(B) establishes that merger is not proper for sentencing in those cases in which a defendant's, "[C]onduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each."

{¶ 12} In conjunction with the above, Ohio law clearly establishes that multiple, separate criminal acts can occur in the course of the same underlying incident involving a single victim. As set forth in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892, "[A] defendant's conduct that constitutes two or more offenses against a single victim * * * can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id*. at ¶ 26.

{¶ 13} In applying this governing legal framework to the instant case, we note that the record reflects that appellant committed multiple, separately identifiable felony criminal offenses on July 18, 2015. The record reflects that appellant committed one offense of aggravated burglary by forcibly entering the first floor of the second victim's home through a window. The victim and her mother both resided in the subject home.

{¶ 14} Separately and subsequently, appellant searched the home in an effort to locate the victim. Upon later locating the sleeping victim in an upstairs bedroom,

4.

appellant covered her face with a scarf and proceeded to commit three separate acts of rape: vaginal, oral, and anal. Following these three additional felony offenses, the record reflects that appellant then forced the victim into the shower. Appellant again penetrated these same three locations with soap in an unsuccessful effort to remove the DNA evidence, thereby committing three more felony offenses in the course of the forcible post-rape shower.

{¶ 15} The record of evidence reflects that seven separate felony offenses occurred on July 18, 2015, following appellant's arrival at the home of the victim and her mother. Appellant committed the first offense by unlawfully accessing the first floor of the two-story home via forcible entry through a window. Upon entering the home, appellant separately searched out and located the sleeping victim inside a second floor bedroom. Subsequent to finding the victim and her upstairs bedroom, appellant then proceeded to commit multiple and separate acts of rape against the victim, including vaginal, oral, and anal rape. The record reflects that after the conclusion of these three acts of rape, appellant then subsequently and separately proceeded to force the victim into a different location, the bathroom, where appellant forced the victim into the shower and appellant then committed additional criminal acts upon the victim in an unsuccessful effort to dispose of the DNA evidence.

{¶ 16} Given these facts and circumstances, we find that the record shows the trial court possessed ample evidence in support of its disputed sentencing determination that

5.

the aggravated burglary conviction and rape conviction involving the July 18, 2015 victim constituted separate offenses of dissimilar import for sentencing purposes.

{¶ 17} Wherefore, we find appellant's assignment of error not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                  _____
                                         JUDGE

Thomas J. Osowik, J.
CONCUR.                            _____
                                         JUDGE

Christine E. Mayle, J.
CONCURS AND WRITES
SEPARATELY.                   _____
                                         JUDGE

**MAYLE, J.**

{¶ 18} I concur with the majority's conclusion that appellant's convictions of aggravated burglary and rape are offenses of dissimilar import under R.C. 2941.25(B)

and, therefore, the trial court did not err in failing to merge these convictions for sentencing purposes. I write separately to address a specific issue that was argued by both sides—i.e., whether the trial court erred by using "uncharged conduct" to find the two charged offenses dissimilar in nature.

{¶ 19} There is no dispute that appellant committed many different and separate acts of rape: he raped the victim orally, anally, and vaginally in her bed, and then forcibly penetrated the victim's anal and vaginal areas in the shower as he attempted to remove his DNA from her body. Ohio law is clear that each of these acts of rape, if charged, would support a separate count of rape and multiple rape counts do not merge. *See, e.g.*, *State v. Barnes*, 68 Ohio St.2d 13, 14-15, 427 N.E.2d 517 (1981); *State v. Trevino*, 6th Dist. Erie No. E-13-042, 2014-Ohio-3363 ¶ 15-16. In this case, however, appellant pled guilty to only one count of rape. Because he was convicted of only one rape, appellant argues that all of the additional acts of rape must be ignored because "uncharged conduct" cannot be considered in a merger analysis under R.C. 2941.25(B). I disagree.

{¶ 20} The inquiry here focuses on whether appellant's two convictions for rape and aggravated burglary should merge for sentencing purposes. Appellant was convicted of aggravated burglary under R.C. 2911.11(A)(1), which requires that in addition to breaking into an occupied structure with the intent to commit any criminal offense, "the offender inflicts, or attempts or threatens to inflict physical harm on another." Notably,

7.

the statute does not require that the "physical harm" element of aggravated burglary result in a separately-charged criminal offense.

{¶ 21} Under *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 26, appellant's convictions for aggravated burglary and rape are offenses of dissimilar import "if the harm that results from each offense is separate and identifiable from the harm of the other offense."

{¶ 22} In this case, regardless of which singular act of rape underlies appellant's rape conviction,[1] it is clear that the aggravated burglary resulted in harm that is separate and identifiable from the harm of the rape offense—i.e., the aggravated burglary resulted in at least four other rapes against the same victim. It is immaterial that those additional rapes could have been, but were not, charged as separate crimes; the additional rapes are nonetheless separate and identifiable harm for purposes of the merger analysis. Accordingly, the rape and aggravated burglary charges are offenses of dissimilar import under R.C. 2941.25(B).

---

[1] The trial court record does not identify which rape supports the rape conviction.

8.