[Cite as *State v. Triplett*, **2018-Ohio-5200.**]

## IN THE COURT OF APPEALS OF OHIO
### SIXTH APPELLATE DISTRICT
### OTTAWA COUNTY

State of Ohio                                         Court of Appeals No. OT-18-003

      Appellee                                   Trial Court No. 17 CR 100

v.

Reuben Triplett                                    **DECISION AND JUDGMENT**

      Appellant                                  Decided:  December 21, 2018

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Giovanna V. Bremke, for appellant.

* * * * *

**JENSEN, J.**

**{¶ 1}** Appellant, Reuben T. Triplett, appeals from the judgment of the Ottawa

County Court of Common Pleas.  For the reasons that follow, we affirm.

**{¶ 2}** On July 13, 2017, the Ottawa County Grand Jury issued indictments for one

count of aggravated burglary, a violation of R.C. 2911.11(A)(1(B) and a felony of the

first degree, two counts of rape, violations of R.C. 2907.02(A)(1)(c)(B) and felonies of the first degree, one count of kidnapping, a violation of R.C. 2905.01(A)(4)(C)(1) and a felony of the first degree, two counts of sexual imposition, violations of R.C. 2907.06(A)(1)(C) and misdemeanors of the third degree, one count of criminal trespass, a violation of R.C. 2911.21(A)(1)(D)(1) and a misdemeanor of the fourth degree, and various specifications.

{¶ 3} On November 30, 2017, pursuant to a plea agreement, appellant entered a plea of guilty to one count of aggravated burglary and one count of rape. In exchange, the state dismissed the remaining counts and all specifications. At sentencing, the trial court imposed an eight-year term of incarceration for aggravated burglary and a ten-year term of incarceration for rape. The terms were ordered to run consecutively for a total of 18 years of incarceration.

{¶ 4} Appellant timely appealed and raises two assignments of error for review.

I. THE COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO TWO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.41.

{¶ 5} In his first assignment of error, appellant alleges that the trial court erred by sentencing him to consecutive prison sentences.

{¶ 6} We have previously held that "[o]ur standard of review of a felony sentence is limited to whether there is clear and convincing evidence in the record to support the sentencing court's findings under R.C. 2929.14(C)(4) that consecutive sentences should

2.

be imposed and whether the sentence is contrary to law." *State v. Dorsey*, 6th Dist. Lucas No. L-16-118, 2017-Ohio-138, ¶ 3, citing R.C. 2953.8(G)(2).

**{¶ 7}** Prior to imposing consecutive sentences pursuant to R.C. 2929.14(C)(4), a trial court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the circumstances listed in R.C. 2929.14(C)(4)(a), (b), or (c) existed:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

3.

**{¶ 8}** At the plea hearing, the state indicated that if the matter had gone to trial it would have proven the elements of rape and aggravated burglary beyond a reasonable doubt. The state described the evidence against appellant as follows:

The incident was July 8th, 2017 in Ottawa County, and the law enforcement got involved with a call to an incident at the Island Club Resort on Put-in-Bay in Ottawa County, that there had been a report of an incident.

And there was a number of police officers responded, and during the course of the investigation they were able to determine was that Mr. Triplett had recently been employed as a security employee with a security company for the Erie Islands Resort, and that was actually his first day of work.

Sometime during the night, he started drinking with some of the people in the cabins and some of the people who were there as, on the island, not employees of the business. And he had gone into some of the cabins or people had complained that he was trying to go into some of the cabins.

His supervisor with the security agency told him to stay at the house where the security officers stayed on the island. He left there and went about a hundred yards to Unit Number 1 of the Erie Islands Resort. He

entered that cabin without permission, going in, went into a room where the victim of the assault and her boyfriend were both sleeping in bed.

And the victim of the assault reports that she was asleep with her boyfriend in bed. And the first thing she realized was someone was performing oral sex on her. She thought it was her boyfriend. And then there was regular vaginal sex. She realized her boyfriend was next to her; this was not the person who was having sex with her. She said, "what's going on?" The assailant jumped up and ran out. Her boyfriend ran out after him; caught him in just about a hundred yards, and tackled him. And then the police were called.

Mr. Triplett was the person who was caught. He was taken by police to the police department that night, early morning, and interviewed. He was Mirandized. He said that he didn't know the woman who he had assaulted, did not recognize her.

She was taken for a sexual assault exam at the hospital; and that kit then was analyzed and there was presumptive semen on both the vaginal samples, the anal samples, and on the underwear that she wore to the SANE exam. And when the DNA was determined from those semen identified, Reuben Triplett was identified on the vaginal swab, his DNA rarer than one in one trillion. Also on the anal swab, and on the swab from the clothing that she wore, Reuben Triplett's DNA, Your Honor.

{¶ 9} At the sentencing hearing, the state asserted that pursuant to the presentence investigation report ("PSI"), "[t]he Defendant is a relatively young man at 24. He does have a criminal history, although not any convictions for felonies as an adult, he has misdemeanor convictions as an adult, and has prior juvenile adjudications for serious offenses that if had been committed as an adult would have been felonies." A copy of the PSI is included in the record. It supports the state's assertions. The appellant reflects no remorse for his actions in the PSI. Rather, he cites a long history of drug and alcohol abuse. He explains that he committed this offense because "we were both drunk." The Ohio Risk Assessment Score indicates that appellant is a "high" risk for recidivism.

{¶ 10} Before announcing its sentence, the trial court specifically held that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." The trial court further held that "consecutive sentences are necessary to protect the public from future crime or punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public." The trial court stated: "at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

6.

{¶ 11} Upon review, we conclude that the record supports the trial court's imposition of consecutive sentences. The offenses were both great and unusual. Appellant, while working as a security guard, raped a women while she was lying in a bed next to her boyfriend in a home that she and her friends and family rented for a vacation. Appellant has a history of criminal conduct dating back to 2010. Accordingly, we find appellant's first assignment of error not well-taken.

II. THE TRIAL COURT ERRED IN FAILING TO MERGE MR. TRIPLETT'S SENTENCES FOR BURGLARY AND RAPE AS THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT WITHIN THE MEANING OF R.C. 2941.25.

{¶ 12} In his second assignment of error, appellant alleges that the trial court erred by failing to merge his convictions for aggravated burglary and rape as allied offenses of similar import under R.C. 2941.25. Appellant failed to object to non-merger at sentencing, therefore, he forfeited all but plain error review. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21. Under Crim.R. 52(B), appellate courts have discretion to correct plain errors.

{¶ 13} R.C. 2941.25, Ohio's allied offense statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 14} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio explained that "the same conduct can be separately punished if that conduct constitutes offenses of *dissimilar* import." *Id.* at ¶ 20, citing R.C. 2941.25(B). Offenses are dissimilar in import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at paragraph two of the syllabus. In other words, "When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts." *Id.* at ¶ 26.

{¶ 15} Here, the appellant entered a plea of guilty to two of the seven counts set forth in the indictment. No trial was held. The rape victim gave an impact statement at sentencing. She explained in her own words what happened to her and her boyfriend on the night of the attack. She also explained what happened as she began to awake:

My mind came out of the sleep-lie state, and I realized that something was horribly wrong. This monster on top of me immediately

8.

exited the room when my boyfriend and I both started coming to our senses.

I sat up and I looked beside me and I exclaimed, "Who the hell was that?"

My boyfriend exited the bedroom and went into the living room. He saw a male figure standing in our front yard. And upon eye contact, this figure ran into the darkness. My boyfriend caught up to him. The police were called and he was taken into custody.

{¶ 16} In its reply brief, the state argues that appellant victimized two individuals when he let himself into a cabin full of people, and had nonconsensual sex with a woman whilst the woman's boyfriend slept in the same bed. In support of its argument, the state cites *State v. Potts*, 3d Dist. Hancock No. 5-16-03, 2016-Ohio-5555. In *Potts*, the reviewing court held that an armed intruder *victimized* a husband *and* his wife when the intruder "trespassed by force" into a structure with the purpose of committing felonious assault on the husband. *Id.* The wife in *Potts* was awoken by barking dogs moments before appellant forced his way into the home. The wife was not a victim of the attempted felonious assault, but she was victimized by the aggravated burglary because she was present when the armed intruder forced his way into their home and she witnessed the intruder's attempted felonious assault on her husband.

{¶ 17} Here, appellant pled to one count of rape and one count of aggravated burglary. There is no dispute the woman is the victim of the rape. Applying *Potts*, the

9.

woman's boyfriend is also a victim: he awoke next to a stranger who had entered the bedroom without permission and with the purpose of having nonconsensual sex with his girlfriend. As appellant fled, the woman's boyfriend chased after appellant and tackled him to the ground outside the cabin.

{¶ 18} Upon review of the record, we find that the trial court did not commit plain error in imposing separate sentences for rape and aggravated burglary. The rape victim's boyfriend was asleep in the same bed as the victim at the time of the rape. As the rape victim realized something was "horribly wrong," her boyfriend awoke and chased appellant out of the house. In *Ruff*, the Supreme Court of Ohio reiterated that when a "defendant's conduct put more than one individual at risk, that conduct could support multiple convictions because the offenses were of dissimilar import." *Ruff*, 2015-Ohio-995 at ¶ 23, citing *State v. Jones*, 18 Ohio St.3d 116, 118, 480 N.E.2d 408.

{¶ 19} We conclude that even though the conduct constituting one offense—rape—also serves as the aggravating element of another offense—aggravated burglary—the rape victim was not the sole individual placed "at risk" or "victimized" by the appellant's actions. Under *Potts* and *Ruff*, the appellant's actions victimized the rape victim's boyfriend by putting him at risk of harm in the moments after he awoke and while chasing the appellant out into the night. Appellant has not demonstrated that the trial court's failure to inquire as to whether the convictions merged for purposes of sentencing affected appellant's substantial rights. *See State v. Black*, 8th Dist. Cuyahoga

10.

No. 12586, 2016-Ohio-383, ¶22. The offenses to which he entered a plea were of dissimilar import. Thus, the trial court committed no plain error.

{¶ 20} While this court does not disagree with the conclusion of the concurring decision, it believes affirmation is appropriate on the argument submitted by the state as opposed to an argument not offered—or debated—by either party. Appellant's second assignment of error is not well-taken.

{¶ 21} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

James D. Jensen, J.          _____
                                            JUDGE

Arlene Singer, J.            _____
CONCURS IN JUDGMENT                         JUDGE
ONLY AND WRITES SEPARATELY.

Christine E. Mayle, P.J.     _____
CONCURS IN JUDGMENT ONLY                    JUDGE
AND CONCURS IN JUDGE
SINGER'S CONCURRENCE.

**SINGER, J.**

{¶ 22} I respectfully concur in judgment only and write separately regarding appellant's second assignment of error. The state argues the sentences for the aggravated burglary and rape convictions should not merge because there were multiple victims.

{¶ 23} I find it unnecessary to reach this issue as the convictions should not merge for the reason that there were two separate harms in this case and two separate rapes, oral and vaginal. The aggravated burglary was completed when the first rape was committed. The second rape was a separate and identifiable harm. *Accord State v. Greely*, 6th Dist. Lucas No. L-16-1161, 2017-Ohio-4469, ¶ 15-16; R.C. 2941.25(B).

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.