[Cite as *State v. Ridener*, 2025-Ohio-2845.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-24-029

      Appellee                              Trial Court No. 2023CR0485

v.

Kamron Ridener                              **DECISION AND JUDGMENT**

      Appellant                             Decided: August 12, 2025

* * * * *

Jeffrey P. Nunnari, Esq., for appellant.

Paul A. Dobson, Esq., Prosecuting Attorney and
David T. Harold, Esq., Assistant Prosecutor, for appellee.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal from the April 9, 2024 judgment of the Wood County Common Pleas Court. For the reasons that follow, we affirm.

## Assignment of Error

{¶ 2} On appeal, Kamron Ridener asserts the following assignment of error:

R.C. § 2929.13(F)(8) DOES NOT REQUIRE THE IMPOSITION OF A MANDATORY TERM OF IMPRISONMENT FOR AN UNDERLYING FELONY OFFENSE, AND DOES NOT PRECLUDE THE IMPOSITION OF COMMUNITY CONTROL SANCTIONS FOR THAT OFFENSE, EVEN WHEN A DEFENDANT IS FOUND GUILTY ON A CORRESPONDING FIREARM SPECIFICATION.

## Statement of the Case and Facts

{¶ 3} On October 5, 2023, Ridener was indicted with one count of felonious assault, in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second degree, as Count One; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree, as Count Two; one count of discharge of firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3) and (C)(2), a felony of the third degree, as Count Three; and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(1) and (B), a felony of the third degree, as Count Four.  Counts One and Three also included a three-year firearm specification under R.C. 2941.145(A).

{¶ 4} These charges stemmed from a road rage incident involving two victims, C.P. and J.W., where it was alleged that Ridener shot a 9 mm round at the victims' car while the parties were driving on I-75.  The bullet went through the license plate and the trunk of C.P.'s car, through a pizza box and a lunch box located in the trunk and got stuck in the back plate of the rear seats of the sedan.

2.

{¶ 5} At an arraignment held on October 24, 2023, Ridener pled not guilty to each count. Ridener rejected the State's plea offer and the matter was set for trial.

{¶ 6} On April 3, 2024, a two-day jury trial commenced on Counts One, Three, and Four of the indictment. Prior to the beginning of trial, the State dropped Count Two and the indictment was amended and renumbered as follows: Count One, felonious assault with a firearm specification; Count Two, discharge of firearm on or near prohibited premises, also with a firearm specification; and Count Three, having weapons while under disability. The jury ultimately found Ridener guilty on all three counts and the related gun specs.

{¶ 7} Ridener was sentenced at the conclusion of the trial. Prior to the imposition of sentence, the court noted that "This is a mandatory sentence. So I think at least the firearm specification is a mandatory sentence. That would also necessitate a mandatory sentence on the other offenses." The trial court merged Counts One and Two and the State elected to proceed on Count One. The trial court then imposed an indefinite prison term of four years minimum to a maximum of six years for Count One; a consecutive three-year prison term for the attendant firearm specification; and a prison term of 18 months for Count Three, which was ordered to run consecutively to the other terms imposed. In total, the trial court sentenced Ridener to an aggregate term of a minimum of eight and one-half years in prison, with a maximum of ten and one-half years.

{¶ 8} Ridener appealed.

3.

**Law and Analysis**

{¶ 9} This court reviews Ridener's sentence under R.C. 2953.08(G)(2), which states that appellate courts shall "review the record, including the findings underlying the sentence or modification given by the sentencing court," and it allows an appellate court to "increase, reduce, or otherwise modify a sentence" if the appellate court clearly and convincingly finds that either (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), under R.C. 2929.14(B)(2)(e) or (C)(4), or under R.C. 2929.20(I), or (2) if the sentence is contrary to law.

{¶ 10} The Ohio Supreme Court has explained that R.C. 2953.08(G)(2) requires that appellate courts "have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences," not that the appellate court "have firm belief or conviction that the record supports the findings." *State v. Gwynne,* 2023-Ohio-3851, ¶ 15. The Supreme Court reasoned that appellate courts are to "employ a deferential standard to the trial court's consecutive-sentence findings" to ensure that appellate courts do not substitute their own judgment over that of a trial court. *Id.*

{¶ 11} Clear and convincing evidence is defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* at ¶ 14, quoting *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of syllabus.

4.

{¶ 12} Ridener contends that the trial court's sentence was unreasonable as it was based on an "erroneous belief" that it was required to "impose mandatory, consecutive sentences for the two substantive offenses for which Ridener was found guilty by virtue of the mandatory sentence required to be imposed on the gun specification." Instead, Ridener maintains that R.C. 2929.13(F)(8)[1] does not require the imposition of mandatory imprisonment for an underlying felony offense and does not preclude the imposition of community control sanctions for that offense, even when a defendant is found guilty on a corresponding firearm specification. Ridener relies on *State v. Logan*, 2023-Ohio-3353 (8th Dist.) ("*Logan 1*"), which held that R.C. 2929.13(F)(8) requires trial courts to impose prison terms for firearm specifications included with underlying felony offenses, but not for the underlying felony offenses themselves. *Id*. at ¶ 8. *Logan 1*, however, conflicted with numerous appellate cases relied upon by the State, including this court's decision in *State v. Culp,* 2020-Ohio-5287 (6th Dist.), where we determined that, when a defendant is convicted of a firearm specification, R.C. 2929.13(F)(8)

---

[1] R.C. 2929.13(F)(8) reads as follows: "Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20, or section 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the term or terms pursuant to section 2929.20, division (A)(2) or (3) of section 2967.193 or 2967.194, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses: . . . (8) Any offense, other than a violation of section 2923.12 of the Revised Code, that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm.

5.

requires the trial court also impose a mandatory prison sentence for the underlying felony charge. This conflict was certified to the Ohio Supreme Court.

{¶ 13} The State notes the certified conflict and contends that this court should reaffirm the precedent set by this court in *Culp*.

{¶ 14} This certified conflict was resolved by the Ohio Supreme Court on May 21, 2025, in *State v. Logan*, Slip Opinion No. 2025-Ohio-1772 ("*Logan 2*"). There, the Ohio Supreme Court held that R.C. 2929.13(F)(8) requires courts to impose prison sentences for "any [felony] offense . . . with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)]," which is the "statutory provision requiring a prison sentence for a firearm specification." *Id*. at ¶ 2. The Supreme Court stated that "[w]hen R.C. 2929.13(F)(8) directs the sentencing court to impose a prison sentence for 'any offense . . . that is a felony,' it can mean only that a trial court must impose a sentence on the underlying felony because a firearm specification is not an offense. Rather, it is a sentencing enhancement that attaches to the underlying offense." *Id*.

{¶ 15} As a preliminary matter, Ridener's assignment of error is limited to consideration of whether the trial court must impose a mandatory term of imprisonment on the "underlying felony offense" when the "defendant is found guilty on a corresponding firearm specification." Pursuant to App.R. 12(A)(1)(b), an appeal is determined based upon the assignments of error set forth in the briefs. *Gilliam v. Rucki*, 2023-Ohio-1413, ¶ 27 (6th Dist.). "An appellate court rules on assignments of error only, and cannot address mere arguments." *Id*. Here, Ridener's assignment of error is specifically limited to the mandatory nature of the underlying felony, the

6.

felonious assault charge, and thus we limit our analysis to that sentence.  As it was not raised as error, we will not review the sentence imposed for weapons under disability.

{¶ 16} With respect to whether the trial court was required to impose a mandatory sentence for the felonious assault charge, pursuant to *Logan 2*, we find that the trial court was required to impose a prison sentence on that offense.[2]  Therefore, Ridener's assignment of error is not well-taken.

**Conclusion**

{¶ 17} The judgment of the Wood County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, Ridener is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

---

[2]  We note that Ridener also argues that R.C. 2929.01(X), which defined a "mandatory prison term" to include "the term in prison that must be imposed for the offenses or circumstances set forth in," inter alia, R.C. 2929.13(F)(8), resolves ambiguity in the definition of mandatory prison time.  He contends that the "or circumstances" language, when read within the context of the overall statutory sentencing scheme, make it clear that sentencing courts are not required to impose mandatory prison time for underlying felonies, to which a firearm specification attaches.  Although *Logan 2* does not address R.C. 2929.01(X) directly, its holding is contrary to Ridener's argument.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, J. | |
|---|---|
| | JUDGE |

| Myron C. Duhart, J. | |
|---|---|
| | JUDGE |

| Charles E. Sulek, P.J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.