[Cite as *State v. Stone*, 2025-Ohio-4575.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. {62}OT-25-007 |
| | {62}OT-25-008 |
| | {62}OT-25-009 |
| Appellee | Trial Court No. 24 CR 059 |
| | 24 CR 031 |
| v. | 24 CR 193 |
| Joseph David Stone | **DECISION AND JUDGMENT** |
| Appellant | Decided: September 30, 2025 |

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney,
and Daivia S. Kasper, Assistant Prosecuting Attorney, for appellee.

Misty Wood, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Joseph Stone, from the

November 21, 2024 judgment of the Ottawa County Common Pleas Court. For the

reasons that follow, we affirm the judgment of the trial court.

{¶ 2} Stone asserts one assignment of error:

The trial [c]ourt improperly imposed consecutive sentences when the
sentences should have been imposed concurrently. Consecutive sentences
were contrary to ORC 2929.41(A).

## Background

{¶ 3} On May 10, 2023, Stone was indicted on one count of aggravated possession of drugs, methamphetamine, a fifth-degree felony and one count of drug paraphernalia, a misdemeanor, following a traffic stop in Ottawa County on February 16, 2023 (case No. 23CR142).

{¶ 4} On July 13, 2023, Stone was indicted on one count of receiving stolen property, a fifth-degree felony, two counts of aggravated possession of drugs (dimethyltryptamine and methamphetamine), both fifth-degree felonies, and one count of drug paraphernalia, a misdemeanor for offenses which allegedly occurred on July 11, 2023 (case No. 23CR193).

{¶ 5} On July 21, 2023, Stone was arraigned on case No. 23CR142 and was released on a personal recognizance ("PR") bond, subject to certain conditions.

{¶ 6} On September 15, 2023, Stone was arraigned on case No. 23CR193 and had an initial appearance on alleged bond violations in case No. 23CR142 for failing to appear numerous times for drug screenings as required by the bond. Stone was released on a PR bond with a GPS monitor.

{¶ 7} On November 8, 2023, Stone failed to appear for a pretrial for both cases. Stone was charged with a second bond violation and an arrest warrant was issued.

2.

{¶ 8} On January 18, 2024, Stone was charged with a third bond violation for failing to appear for drug screenings and failing to check in with the probation department.

{¶ 9} On February 12, 2024, Stone pled guilty in accordance with a plea agreement which included the two felony cases (case Nos. 23CR142 and 23CR193), as well as a third case filed by a bill of information on one count of domestic violence ("DV"), a first-degree misdemeanor (case No. 24CR031), which offense allegedly occurred on December 12, 2022.  Pursuant to the plea agreement, Stone pled guilty to one count of aggravated possession of drugs (methamphetamine), a fifth-degree felony, one count of receiving stolen property, a first-degree misdemeanor and one count of DV, a first-degree misdemeanor.  The remaining counts were dismissed and case No. 23CR142 was dismissed in its entirety.  A sentencing hearing was scheduled.

{¶ 10} On March 1, 2024, Stone was charged with a fourth bond violation for failing to appear for drug screening and violating curfew restrictions

{¶ 11} On March 20, 2024, Stone was indicted on one count of aggravated possession of drugs (methamphetamine), a fifth-degree felony and one count of illegal conveyance, a third-degree felony, which offenses allegedly occurred on November 13, 2023, when Stone was arrested on the warrant issued after his second bond violation, and he was found to have brought drugs into the jail (case No. 24CR059).

3.

{¶ 12} On May 3, 2024, Stone entered a guilty plea, in case No. 24CR059 to aggravated possession of drugs (methamphetamine), a fifth-degree felony, and the illegal conveyance count was dismissed. A sentencing hearing was scheduled.

{¶ 13} Thereafter, Stone was charged with another bond violation concerning the GPS monitoring equipment.

{¶ 14} On November 19, 2024, the sentencing hearing was held on Stone's four cases. At that time, Stone had been in custody for 111 days. The trial court found that although a mandatory prison term was not required, the court considered R.C. 2929.13 regarding community control and found Stone was not amenable. The court noted it also considered, inter alia, the factors in R.C. 2929.11, 2929.12 and 2929.19(B)(1)(a) and the information in the presentence investigation report ("PSI"), and sentenced Stone to 111 days in jail with credit for time served on both misdemeanor counts, 6 months in prison for the felony drug charge in case No. 23CR193, and 12 months in prison for the felony drug charge in case No. 24CR059. The trial court ordered the felony prison sentences to run consecutively, for a total prison term of 18 months, as the court found that consecutive sentences were necessary to protect the public from future crime or to punish Stone and consecutive sentences were not disproportionate to the seriousness of Stone's conduct and the danger he poses to the public. The court further found that Stone committed one or more of the offenses while he was awaiting trial or sentencing. The court issued its judgment on November 21, 2024. Stone appealed.

4.

## Assignment of Error

### Stone's Arguments

{¶ 15} Stone argues his sentences should be served concurrently and not consecutively. He submits that "[R.C.] 2929.41(A) states a prison or jail term shall be served concurrently with any other prison or jail time imposed unless one of the exceptions specified in [R.C.] 2929.41 applies." Stone contends that both the trial court transcript and the sentencing judgment entry state that consecutive sentences are necessary to protect the public or punish the offender, yet he asserts the trial court's imposition of consecutive sentences instead of concurrent sentences is contrary to R.C. 2929.41(A). Stone cites no cases in support of his arguments.

{¶ 16} Stone maintains that the proper standard of review under R.C. 2953.08 is clear and convincing evidence that the sentence is contrary to law.

### The State's Arguments

{¶ 17} The State counters the consecutive sentences imposed by the trial court for Stone's two fifth-degree felony convictions were in accord with the statutory range for the degree of offenses and were supported by clear and convincing evidence in the record. The State notes that 6 months is the minimum prison sentence for a fifth-degree felony and 12 months is the maximum prison sentence, and Stone was sentenced to a prison term of 6 months in case No. 23CR193 and 12 months in case No. 24CR059.

{¶ 18} The State contends that although the law presumes concurrent sentences under R.C. 2929.41(A), the statute also recognizes that a trial court may order

5.

consecutive sentences under R.C. 2929.14(C)(4).  The State cites *State v. Glover*, 2024-Ohio-5195, ¶ 38.

{¶ 19} The State, quoting R.C. 2929.14(C)(4), asserts a trial court may require a defendant convicted of multiple offenses to serve multiple prison terms if the court finds "'that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,'" and finds any one of  subsections (a), (b) or (c).  Here, the State notes that the trial court found subsection (a) applied, which provides: "[t]he offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing[.]"

{¶ 20} The State further argues that a trial court is not required to state the reasons for its findings on the record, so long as the record supports the trial court's findings.  Here, the State observes that the trial court gave almost a verbatim recitation of R.C. 2929.14(C)(4)(a).  In support of its assertions, the State cites *State v. Dorsey*, 2017-Ohio-138, ¶ 5 (6th Dist.) and *State v. Bonnell*, 2014-Ohio-3177, ¶ 27.

**Law**

{¶ 21} Stone cites to R.C. 2929.41(A) which states in relevant part:

(A) **Except as provided in . . . division (C) of section 2929.14** . . . of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state[.]  (Emphasis added.)

6.

**{¶ 22}** For the standard of review, Stone cites R.C. 2953.08, which provides, in pertinent part:

. . .

(G) . . .

(2) The court hearing an appeal . . . shall review the record, including the findings underlying the sentence . . . given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under . . . division . . . (C)(4) of section 2929.14 . . . of the Revised Code[;]

(b) That the sentence is otherwise contrary to law.

**{¶ 23}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶ 24}** In *State v. Gwynne*, 2023-Ohio-3851, ¶ 15, the Ohio Supreme Court explained R.C. 2953.08(G)(2) requires that appellate courts "have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences," not that the appellate court

"have firm belief or conviction that the record supports the findings." The Supreme Court reasoned that appellate courts are to "employ a deferential standard to the trial court's consecutive-sentence findings" to ensure appellate courts do not substitute their own judgment over that of the trial court. *Id. See also State v. Ridener*, 2025-Ohio-2845, ¶ 11 (6th Dist.).

{¶ 25} The State cites to *Dorsey*, 2017-Ohio-138 (6th Dist.), where this court found that "[p]rior to imposing consecutive sentences pursuant to R .C. 2929.14(C)(4), the trial court must find consecutive sentences are 'necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,' and that one of the circumstances listed at . . . (a), (b), (c) existed[.]" *Id.* at ¶ 4. In addition, this court set forth that "[t]he trial court is not required to state its reasons for these findings on the record. *State v. Bonnell*, . . . 2014-Ohio-3177, . . . ¶ 27. A word-for-word recitation of the statutory language is not required, so long as the record supports the trial court's findings. *Id.* at ¶ 29." *Dorsey* at ¶ 5.

## Analysis

{¶ 26} Upon review, Stone takes issue with the trial court's imposition of consecutive sentences and the court's failure to address R.C. 2929.41(A) in the transcript and sentencing judgment entry. We note that Stone does not expound on these contentions, and he cites no authority, other than R.C. 2929.41(A), in support.

8.

{¶ 27} Regarding Stone's felony sentences, at the sentencing hearing, the trial court ordered that Stone serve his felony sentences consecutively, stating:

> The Court finds that consecutive service is necessary to protect the public from future crime or punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. The offender committed one or more of the multiple offenses while the offender was waiting trial or sentencing and was under a sanction imposed pursuant to section 2929.16, 2929.17 or 18 of the Ohio Revised Code and was not under post-release control for a previous offense.

{¶ 28} As to consecutive sentences, the trial court's sentencing judgment entry stated:

> The Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the Offender, and that consecutive sentences are not disproportionate to the seriousness of the Offender's conduct and the danger the Offender poses to the public.
>
> The Court further finds that the Offender committed one or more of the multiple offenses while the Offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶ 29} The record shows that Stone has a lengthy criminal history, as set forth in the PSI, and while out on bond, he failed numerous drug tests, missed multiple drug screens, and had problems with the GPS monitor. Based on the record, we find that Stone was ordered to serve his prison terms consecutively pursuant to R.C. 2929.14(C)(4), one of the stated exceptions to concurrent service of prison terms. Therefore, Stone's argument that the trial court erred in failing to "address" R.C. 2929.41(A) is entirely without merit, as the plain language of the statute shows that the

9.

trial court sentenced Stone under one of the statute's exceptions, in full compliance with

the dictates of R.C. 2929.41(A).

{¶ 30} Accordingly, we find Stone's sole assignment of error not well-taken.

{¶ 31} The judgment of the Ottawa County Court of Common Pleas is affirmed.

Stone is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                    _____
                                                              JUDGE

Gene A. Zmuda, J.

                                                  _____
Myron C. Duhart, J.                                      JUDGE
CONCUR.

                                                  _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.