[Cite as *State v. Frazier*, 2015-Ohio-344.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26229 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-3213 |
| | : | |
| DORIAN M. FRAZIER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on the 30th day of January, 2015.

· · · · · · · · · ·

MATHIAS H. HECK, JR., by TIFFANY C. ALLEN, Atty. Reg. No. 0089369, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Boulevard, Springboro, Ohio 45066
    Attorney for Defendant-Appellant

· · · · · · · · · · · ·

WELBAUM, J.

{¶ 1} Defendant-appellant, Dorian M. Frazier, appeals from the sentence he received in the Montgomery County Court of Common Pleas after he pled guilty to aggravated vehicular homicide and failure to stop after an accident. Specifically, Frazier contends the trial court's imposition of a lifetime driver's license suspension was an abuse of discretion and contrary to law. We disagree, and for the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On June 5, 2013, Frazier was indicted on one count of aggravated vehicular homicide (recklessly) in violation of R.C. 2903.06(A)(2)(a), a felony of the third degree; one count of aggravated vehicular homicide (recklessly/under suspension) in violation of R.C. 2903.06(A)(2)(a) and R.C. 2903.06(B)(3), a felony of the second degree; and one count of failure to stop after an accident (resulting in death) in violation of R.C. 4549.02(A) and R.C. 4549.02(B), a felony of the third degree.

{¶ 3} The charges arose as the result of Frazier running a red light and colliding with a motorcyclist at the intersection of Brooklyn Avenue and West Third Street in Dayton, Ohio. After the collision, Frazier and his unknown passengers exited the vehicle and fled the scene on foot. The motorcyclist, Eve Brooks-Fletcher, died at the scene. Frazier suffered only minimal injuries. Frazier did not attempt to call the police to assist Brooks-Fletcher, but turned himself in to police approximately seven hours after the collision. At the time of the collision, Frazier was driving under a suspended license.

{¶ 4} On March 17, 2014, Frazier pled guilty as indicted in exchange for an agreed prison sentence not to exceed five years. Each of the charges carried a

mandatory license suspension, but there was no agreement as to the term of the suspension. Following Frazier's plea, the trial court ordered a presentence investigation report and the matter proceeded to sentencing on April 15, 2014.

{¶ 5} At sentencing, the trial court merged the two aggravated vehicular homicide counts and the State elected to proceed on the count that was a second-degree felony. On that count, the trial court imposed a four-year prison term. For failure to stop after an accident, the trial court imposed a nine-month prison term. The trial court then ordered these terms to be served consecutively for a total prison sentence of four years and nine months. In addition, the trial court suspended Frazier's driver's license for life.

{¶ 6} Frazier now appeals from his sentence, raising one assignment of error for review. His sole assignment of error is as follows:

THE TRIAL COURT'S LIFETIME SUSPENSION OF APPELLANT'S DRIVER'S LICENSE WAS AN ABUSE OF DISCRETION AND CONTRARY TO LAW.

{¶ 7} Under this assignment of error, Frazier contends the lifetime suspension of his driver's license was an abuse of discretion and contrary to law because: (1) the trial court failed to explicitly consider the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12 before imposing the lifetime suspension; and (2) the lifetime suspension was unreasonable under the circumstances of this case. We disagree.

{¶ 8} In *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), we held that we would no longer use an abuse-of-discretion standard in reviewing felony sentences, but would apply the standard of review set forth in R.C. 2953.08(G)(2), which states that:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9} Since Frazier only assigned error to the lifetime suspension of his driver's license, not his prison term, we need not discuss whether the record supports the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4). Instead, we need only determine whether the imposition of a lifetime suspension was clearly and convincingly contrary to law.

{¶ 10} " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer* at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. We

emphasize that "[t]he court is not required to make specific findings or to use the exact wording of the statute[s]." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, ¶ 8. "Furthermore, even if there is no specific mention of those statutes in the record, 'it is presumed that the trial court gave proper consideration to those statutes.' " *State v. Cave*, 2d Dist. Clark No. 09-CA-6, 2010-Ohio-1237, ¶ 10, quoting *Kalish* at fn. 4.

{¶ 11} Here, both of the offenses for which Frazier was convicted—aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) and failure to stop after an accident in violation of R.C. 4549.02(A)—carry a mandatory driver's license suspension. *See* R.C. 2903.06(B)(3) and R.C. 4549.02(B). For failure to stop after an accident, Frazier was subject to a class five suspension of six months to three years. *See* R.C. 4549.02(B) and R.C. 4510.02(A)(5). However, for aggravated vehicular homicide, Frazier was subject to a class two suspension of three years to life. *See* R.C. 2903.06(B)(3) and R.C. 4510.02(A)(2). Accordingly, the lifetime suspension imposed by the trial court was within the prescribed statutory range.

{¶ 12} In addition, the trial court expressly stated on the record that it considered the purposes and principles of sentencing and the seriousness and recidivism factors. *See* Trans. (April. 15, 2014), p. 26. The court also stated the following:

> Sir, I have, as I said, reviewed the presentence investigation, both the State's sentencing memorandum and the sentencing memorandum filed by your attorney. Sir, I have several concerns not the least of which is after this collision, I'm not going to call it an accident, after this collision, you left the scene. And from the accounts and the presentence investigation and

in the State's sentencing memorandum, after the collision, you ran from the scene and actually either jumped over or around the victim's body which, in some respects, enhances the severity of the events because while you may not have been able to save her life, you certainly left the scene in what's a very callous manner. A person clearly struggling for life, if she was still living, but you chose to leave the scene.

*Id.* at. 25-26.

{¶ 13} Based on the foregoing, the lifetime suspension of Frazier's driver's license was not contrary to law. The license suspension was within the prescribed statutory range for class two suspensions and the record indicates the trial court made the required considerations under R.C. 2929.11 and R.C. 2929.12 before imposing the suspension. The lifetime license suspension was also not unreasonable under the circumstances of this case, as Frazier's actions on the evening of the collision resulted in the death of another and showed little to no regard for human life.

{¶ 14} We reiterate that we have reviewed the license suspension portion of Frazier's sentence under the standard of review set forth in *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, in which we held that we would no longer use an abuse-of-discretion standard in reviewing felony sentences, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations as to whether our decision in *Rodeffer* is correct. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn. 1; *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn. 1. Regardless, in the case before us, we do not find the lifetime suspension of Frazier's driver's license erroneous under either standard

of review.

{¶ 15} Frazier's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Tiffany C. Allen
Marshall G. Lachman
Hon. Mary Katherine Huffman