[Cite as *State v. Howard*, 2020-Ohio-3229.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-09-165 |
| | : | O P I N I O N |
| - vs - | | 6/8/2020 |
| | : | |
| ANTHONY DWUAN HOWARD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-11-2027

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 South Second Street, #305, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, P.J.**

{¶1} Appellant, Anthony Dwuan Howard, appeals the sentence he received in the Butler County Court of Common Pleas after pleading guilty to aggravated vehicular homicide and operating a vehicle while under the influence of alcohol. For the reasons discussed below, we affirm appellant's sentence.

{¶2} On February 13, 2019, appellant was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree, and

one count of operating a vehicle while under the influence (OVI) in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. The charges arose out of allegations that on October 22, 2018, appellant caused the death of another motorist in Butler County, Ohio when he struck the motorist while operating a vehicle while under the influence of alcohol.

{¶3} On July 16, 2019, following plea negotiations, appellant pled guilty to aggravated vehicular homicide, as amended from a second-degree felony to a third-degree felony, and to OVI, as indicted. Pursuant to the plea agreement, appellant agreed to pay restitution to the victim's family, attend a driver's intervention program, and satisfactorily complete a drug and alcohol addiction program. The trial court engaged in a full Crim.R. 11 plea colloquy, during which it advised appellant of the maximum penalties he faced as well as the rights he was waiving by pleading guilty. Appellant pled guilty following the state's recitation of the facts. The trial court accepted appellant's guilty pleas and found him guilty of the offenses. The court set the matter for sentencing on August 29, 2019 and ordered that a presentence-investigative report ("PSI") be prepared.

{¶4} At the sentencing hearing, defense counsel requested that the trial court find appellant amenable to community control sanctions and spoke of appellant's work ethic, work history, relationship with his family members and community, and genuine remorse. Appellant then apologized to the victim's family for his criminal wrongdoing. After hearing from members of appellant's family and members of the victim's family, the trial court announced appellant's sentence, stating in relevant part, as follows:

> The Court has considered the purposes and principles of sentencing in Revised Code Section 2929.11 [and] the seriousness and recidivism factors in Revised Code Section 2929.12, as well as the record, the charges, the statements made at this hearing, the victim impact statements, the letters on behalf of Mr. Howard, and the presentence investigation report.

I will state that this is – these are devastating circumstances which bring us here today. The Court knows that Mr. Howard has a tremendous amount of support, and the Court finds that he does express genuine remorse.

This Court's job is not to determine whether or not Mr. Howard is a good person. This Court is here today because of actions that Mr. Howard made, and choices that he made. Mr. Howard made the choice to drink alcohol and drive. And [the victim] had the unfortunate circumstances of being a person going to work and being on the road at the same time as he and lost his life. And there have to be consequences for the actions.

The Court does note that Mr. Howard was previously convicted of a felony of trafficking in cocaine in 2007. He was then placed on community control with that offense and violated the community control.

The Court also notes in 2011, that he was convicted of driving under suspension.

The Court notes that he admitted to the PSI writer that during the pendency of this case he had used marijuana.

{¶5} The court found appellant was not amenable to community control sanctions and sentenced him to 48 months in prison for aggravated vehicular homicide. For his OVI conviction, appellant was ordered to serve 180 days in jail and to complete a driver's intervention program and a drug and alcohol addiction program. The sentences were run concurrently. Appellant's driver's license was suspended for his lifetime, and he was further ordered to pay a $375 mandatory fine, court costs, and $11,357.01 in restitution.

{¶6} Appellant appealed, raising the following as his only assignment of error:

{¶7} THE TRIAL COURT'S SENTENCE DEFIES THE PURPOSES AND PRINCIPLES OF SENTENCING.

{¶8} In his sole assignment of error, appellant argues the trial court erred in imposing a lifetime driver's license suspension as the suspension "was not reasonably calculated to achieve the overriding purposes of felony sentencing under R.C. 2929.11, and

- 3 -

the recidivism factors in R.C. 2929.12 were not properly considered." Appellant does not challenge any other aspect of his sentence.

{¶9} Like most aspects of a felony sentence, the imposition of a driver's license suspension is subject to review pursuant to R.C. 2953.08(G)(2). *See State v. Frazier*, 2d Dist. Montgomery No. 26229, 2015-Ohio-344, ¶ 8; *State v. Heidelberg*, 6th Dist. Erie No. E-17-046, 2019-Ohio-2257, ¶ 7. Pursuant to R.C. 2953.08(G)(2), an appellate court does not review the sentencing court's decision for an abuse of discretion. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or that "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b); *Marcum* at ¶ 1.

{¶10} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg,* 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶11} The purposes of felony sentencing are to protect the public from future crime by the offender, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes

without imposing an unnecessary burden on state or local government resources. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *State v. Birt,* 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶12} After reviewing the record, we find that the trial court's imposition of a lifetime driver's license suspension is not clearly and convincingly contrary to law as the trial court considered the R.C. 2929.11 principles and purposes of sentencing, as well as the seriousness and recidivism factors of R.C. 2929.12, and imposed a driver's license suspension that fell within the permissible statutory range for a class two suspension under R.C. 4510.02. As appellant was convicted of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), the trial court was required to "impose upon the offender a class two suspension of the offender's driver's license * * * from the range specified in division (A)(2) of section 4510.02 of the Revised Code." R.C. 2903.06(B)(3). A class two driver's license suspension is in the range of "three years to life." R.C. 41510.02(A)(2). The trial court's imposition of a lifetime suspension was therefore within the range permitted by statute.

{¶13} Furthermore, the imposition of a lifetime suspension was also supported by the record and is consistent with the purposes and principles of sentencing. Appellant killed another person while operating his motor vehicle while under the influence of alcohol.

Appellant has a history of substance abuse issues, as indicated by his 2006 misdemeanor conviction for possession of drugs, his 2007 felony conviction for trafficking in cocaine, and his admitted use of marijuana during the pendency of this case. Appellant has also demonstrated an unwillingness to abide by prior sanctions or court-ordered limitations, as demonstrated by his community control violations and his conviction for driving under suspension. Imposing a lifetime suspension of appellant's driver's license both protects the public and punishes appellant without imposing an unnecessary burden on state or local government resources.

{¶14} Appellant argues the trial court, in determining the duration of his driver's license suspension, should have given additional consideration and weight to the fact that he was remorseful, had engaged in counseling and alcohol abuse classes during the pendency of the case, had a limited criminal history, had a consistent work history, and needed to continue to work to support his children. However, as we have previously recognized, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v Steger*, 12th Dist. Butler No. CA2006-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No 13AP-810, 2014-Ohio-3696, ¶ 16. The trial court was entitled to weigh the need to protect the public, which includes pedestrians and motorists alike, from appellant's reckless operation of a motor vehicle.

{¶15} Accordingly, for the reasons stated above, we conclude that the lifetime suspension of appellant's driver's license was not contrary to law and is supported by the record. Appellant's sole assignment of error is overruled.

{¶16} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.