[Cite as *State v. Doucette*, 2026-Ohio-2426.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| STATE OF OHIO : | |
| : | C.A. No. 2025-CA-67 |
| Appellee : | |
| : | Trial Court Case No. 25-CR-395 |
| v. : | |
| : | (Criminal Appeal from Common Pleas |
| BLAKE DOUCETTE : | Court) |
| : | |
| Appellant : | **FINAL JUDGMENT ENTRY &** |
| : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 26, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, PRESIDING JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

ADAM J. ARNOLD, Attorney for Appellant
JOHN M. LINTZ, Attorney for Appellee

LEWIS, P.J.

{¶ 1} Defendant-appellant Blake Doucette appeals from his conviction in the Clark County Common Pleas Court following a guilty plea. For the following reasons, we affirm the judgment of the trial court.

I. Facts and Course of Proceedings

{¶ 2} On May 20, 2025, Doucette was indicted by a Clark County grand jury on one count of failure to comply with an order or signal of a police officer, a third-degree felony in violation of R.C. 2921.331(B), and one count of receiving stolen property, a fourth-degree felony in violation of R.C. 2913.51(A). Doucette pleaded not guilty to the two charges.

{¶ 3} The State filed a bill of particulars in which it described the police officer's pursuit of a stolen vehicle driven by Doucette on May 13, 2025. According to the bill of particulars, Doucette drove at a high speed through a school zone, the pursuit continued through several streets reaching speeds of 80 mph, he "continued to drive recklessly driving the wrong way on a south bound lane, sped through a construction zone with workers present, and eventually crashed into a red Chevrolet Camero in an intersection."

{¶ 4} On August 4, 2025, Doucette withdrew his not guilty plea and entered a plea of guilty to one count of failure to comply with an order or signal of a police officer. The written plea form signed by Doucette alerted him that he could receive up to a maximum prison sentence of 60 months, up to a $10,000 fine, and a license suspension of 3 years to life. The trial court reiterated the potential sentences during the plea hearing and stated that a

2

license suspension was mandatory. Following the plea colloquy, the trial court found him guilty of failure to comply with an order or signal of a police officer and dismissed the one count of receiving stolen property. The trial court ordered the preparation of a presentence investigation ("PSI") prior to sentencing.

{¶ 5} On August 19, 2025, the trial court held a sentencing hearing. The State asked the trial court to impose the maximum sentence based on the dangerous pursuit caused by Doucette's actions and his extensive criminal history. Defense counsel presented his case for the imposition of a lighter sentence, and Doucette expressed his remorse. The court stated that it had considered the purposes of felony sentencing in R.C. 2929.11 and the factors set forth in R.C. 2929.12, and it sentenced Doucette to 60 months in prison and suspended his driver's license for 25 years. Doucette was ordered to pay court costs, but no fine was imposed. Doucette filed a timely notice of appeal.

II.     **The Trial Court's Imposition of a 25-Year Driver's License Suspension Is Not Contrary to Law**

{¶ 6} Doucette's first assignment of error states:

THE TRIAL COURT ERRED BY IMPOSING A TWENTY-FIVE-YEAR DRIVER'S LICENSE SUSPENSION WITHOUT ARTICULATING A SUFFICIENT RATIONALE FOR SUCH AN EXTRAORDINARY DISCRETIONARY SANCTION.

{¶ 7} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 22. Under this statute, an appellate court may increase, reduce, or otherwise modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either: (1) that the record does not support certain specified findings or (2) that the

3

sentence imposed is otherwise contrary to law. R.C. 2953.08(G)(2). Doucette does not identify any statutory findings that needed to be made prior to the trial court's imposition of a 25-year driver's license suspension. Therefore, we limit our analysis to whether the driver's license suspension imposed by the trial court is clearly and convincingly contrary to law. "A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.), citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

**{¶ 8}** Pursuant to R.C. 2921.331(E), the trial court was required to impose a class-two driver's license suspension within the range provided under R.C. 4510.02(A)(2) as part of Doucette's sentence for failure to comply with an order or signal of a police officer. The authorized range for the mandatory license suspension is a definite period of three years to life. R.C. 4510.02(A)(2). The 25-year driver's license suspension imposed by the trial court is within this authorized statutory range. Moreover, prior to imposing this suspension, the trial court stated that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12. "'[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12.'" *State v. Frazier*, 2015-Ohio-344, ¶ 10 (2d Dist.), quoting *State v. Rodeffer*, 2013-Ohio-5759, ¶ 32 (2d Dist.).

**{¶ 9}** The first assignment of error is overruled.

### III.   Doucette's Maximum Prison Sentence Is Not Contrary to Law

**{¶ 10}** Doucette's second assignment of error states:

THE TRIAL COURT'S IMPOSITION OF A MAXIMUM PRISON TERM, WHEN

COUPLED WITH A 25-YEAR LICENSE SUSPENSION, WAS CONTRARY

4

TO R.C. 2929.11 MINIMUM SANCTIONS PRINCIPLE.

{¶ 11} R.C. 2929.11(A) provides, in relevant part: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender *using the minimum sanctions that the court determines accomplish those purposes* without imposing an unnecessary burden on state or local government resources." (Emphasis added.) Doucette concedes that the trial court was not required to make express findings or use specific language when determining the minimum sanctions to accomplish the purposes of felony sentencing. But Doucette contends that "the absence of any articulated reasoning addressing the cumulative severity of the sanctions imposed demonstrates that the court did not meaningfully apply R.C. 2929.11(A)'s 'minimum sanctions' principle." Appellant's Brief, p. 12. Doucette states that he is not requesting us "to reweigh seriousness or recidivism factors or to determine that a lesser prison term would have been preferable." *Id*. at 13. Rather, Doucette "asks only that the sentencing court be required to demonstrate, on the record, that it applied the governing statutory directive to the full scope of punishment imposed." *Id.* at 13-14. Therefore, Doucette requests us to "remand for resentencing so the trial court may exercise its discretion within the statutory framework and articulate its reasoning accordingly." *Id.* at 14.

{¶ 12} Doucette was convicted of a third-degree felony in violation of R.C. 2921.331(B). He received a maximum prison sentence of 60 months, which is within the authorized statutory range. R.C. 2929.14(A)(3)(a). At the sentencing hearing, the trial court discussed much of Doucette's lengthy criminal history. The court then stated that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12. The court noted that it had considered the minimum

5

sanctions that it could impose to accomplish the purposes of felony sentencing set forth in R.C. 2929.11 without imposing an unnecessary burden on state or local government resources. Although it was not required to explain why it imposed a maximum prison sentence, the court stated:

> The Court finds that based on all of these factors that this is the most serious form of the offense. The Court finds that the Defendant has a history of criminal convictions, and has not responded favorably to sanctions previously imposed. And the Court finds the Defendant has previously been sent to West Central, had multiple community control violations, and three prior prison terms imposed. The Court finds the Defendant was on community control at the time of the offense. His ORAS is high, a 27.

Sentencing Tr. 16.

{¶ 13} In its judgment entry, the trial court stated that it had reviewed the PSI prior to sentencing, as well as the record, oral statements of counsel, the defendant's statement, the purposes and principles of sentencing set forth in R.C. 2929.11, and the factors set forth in R.C. 2929.12. The court concluded that "this is the most serious form of the offense."

{¶ 14} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. Therefore, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2021-Ohio-966, ¶ 8 (2d Dist.). "It is

6

enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence." *State v. Trent*, 2021-Ohio-3698, ¶ 15 (2d Dist.). The record establishes that the trial court considered R.C. 2929.11 and 2929.12 before imposing its sentence. Doucette has failed to establish that his maximum prison sentence is clearly and convincingly contrary to law. Therefore, there is no reason to remand the matter to the trial court.

{¶ 15} The second assignment of error is overruled.

## IV.     Conclusion

{¶ 16} Having overruled the assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.

7